**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In Re: Sirolli Properties, LLLP                              **Case 3:12-bk-03726-JAF**

                        Debtor.

_____

**PLAN**

The debtor, Sirolli Properties, LLLP, proposes and submits the following plan.

**ARTICLE I**
**INTRODUCTION**

**A. Plan**

1. The debtor has filed a voluntary petition under chapter 11 of the Bankruptcy Code and now proposes the following plan. The plan sets forth how, and to the extent, the debtor proposes to pay and treat the claims and interests of creditors and other interested parties, under the provisions of chapter 11 of the Bankruptcy Code. The plan will not be effective unless it is confirmed pursuant to a confirmation order.

**B. Definitions and Property Description**

1. The definitions set forth in the Article III of the plan, and the definitions and rules of construction set forth in §101 and §102 of the Bankruptcy Code shall apply when interpreting the plan. In particular, the terms "proposed Till rate", "Till rate" and "prime rate" are used extensively below, and are defined in Article III.

2. The debtor owns 33 parcels of real estate. The majority of the parcels are encumbered by mortgages. A list of the parcels is contained in Article III. All 33 parcels have been assigned a parcel number. The assigned parcel numbers correspond to those referenced in the classification of claims below in classes 1 through 5.

**C. Disclosure Statement**

1. The plan is accompanied by a disclosure statement. The purpose of the disclosure statement is to provide sufficient information to creditors, and other interested parties, so that they can make a reasonably informed decision as to whether to accept or reject the plan. If there is an inconsistency between the plan and disclosure statement, the provisions of the plan shall control.

## ARTICLE II
## UNCLASSIFIED CLAIMS AND TREATMENT

### A. Designation of Claims Left Unclassified

1. Administrative and priority claims, together with secured tax claims which would otherwise meet the description of a priority tax claim, are left unclassified under the plan pursuant to the provisions of §1123(a)(1) and §1129(a)(9)(D) of the Bankruptcy Code.

### B. Treatment of Unclassified Claims

1. Each holder of an allowed administrative expense claim will be paid in full on or before the effective date of this plan in cash, or upon such other terms as may be agreed upon by the holder of the claim and the debtor.

2. The debtor shall make equal monthly payments to creditors holding allowed priority tax claims. The payments shall equal the amount of the priority tax claim amortized over the maximum number of months permitted to pay priority tax claims, with interest at 3% per annum, or at such greater amount as may be required under §511 of the Bankruptcy Code. Payments shall commence on the effective date of the plan.

3. U.S. Trustee fees will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Bankruptcy Code. Any U.S. Trustee fees owed on or before the effective date of this plan will be paid on the effective date.

## ARTICLE III
## CLASSIFIED CLAIMS

### A. Designation of Classified Claims and Interests

1. All claims and interests, except those left unclassified and described above, are classified under the plan. The classification and treatment is set forth below.

### B. Treatment of Classified Claims
**1. Class 1 - Secured Claims of American Home Mortgage Servicing, Inc**.

a. This class is the allowed secured claims of those creditors, who hold mortgages on Parcel 1 and 32. It is believed that American Home Mortgage Servicing, Inc. is the servicer of these mortgages and that Federal National Mortgage Association is the owner of the mortgages.

b. Payments on allowed secured claims in this class shall be amortized over 360 months with interest at the Till rate, unless an election under §1111(b) of the Bankruptcy Code is made by this class.

c. The proposed Till rate is the prime rate on the confirmation date plus one percent interest, per annum. The proposed Till rate shall be deemed the Till rate for this class, unless otherwise ordered by the Court. Upon the filing of an objection to the plan regarding the proposed Till rate, the Court shall establish the Till rate, upon the evidence presented.

d. This class may elect to be treated as fully secured under the provisions of §1111(b) of the Bankruptcy Code. If the election is made, the class will be treated as fully secured and claims will be paid in full over 360 months, in equal monthly payments, without interest. If a creditor

holding a claim in this class asserts that payment of a claim in this class, without interest, is less than the amount required under §1129(b)(2)(i)(II) , the creditor shall be entitled to a hearing to determine the value of its collateral.  The procedure for determining the value of the collateral may be initiated by the creditor, the debtor or established at the discretion of the Court. Upon a determination by the Court of the value of the collateral securing a claim in this class, the payments shall be adjusted and increased up to an amount which equals the value of the collateral securing the claim, amortized over 360 months with interest at the Till rate.

  e. Payments to creditors holding claims in this class shall be equal in amount and commence on the effective date of the plan, and continue on the same day of each succeeding month, unless the Court has entered an order requiring  adequate protection payments or there is pending a motion to value the a claim in this class. If the Court has entered an order requiring adequate protection payments to a creditor in this class, the payments under the plan for that creditor shall be deemed to have commenced on the date of the first required adequate protection payment, and they shall thereafter continue on the same day of each succeeding month until the allowed secured claim is satisfied as described above.  If there is a pending a motion to value a claim in this class on the effective date of the plan,  and there is no order requiring adequate protection payments, the payments shall commence on the first day of the first month after an order valuing the claim is final, and unappealable.

  f. Each creditor in this class shall retain its lien to the extent permitted by §506(d) of the Bankruptcy Code. This class is impaired.

**2. Class 2 - Secured Claims of JPMorgan Chase Bank**

  a. This class is the allowed secured claims of those creditors, who hold mortgages on Parcels 2,3,5,6,7,9,14,17,18,19,22,23,24,25,26,27,28,29,and 30.  It is believed that JPMorgan Chase Bank or a related entity is the servicer or owner of the mortgages.

  b.  Payments on allowed secured claims in this class shall be amortized over 360 months with interest at the Till rate, unless an election under §1111(b) of the Bankruptcy Code is made by this class.

  c.  The proposed Till rate is the prime rate on the confirmation date plus one percent interest, per annum.  The proposed Till rate shall be deemed the Till rate for this class, unless otherwise ordered by the Court.  Upon the filing of an objection to the plan regarding the proposed Till rate,  the Court shall establish the Till rate, upon the evidence presented.

  d.  This class may elect to be treated as fully secured under the provisions of §1111(b) of the Bankruptcy Code.  If the election is made, the class will be treated as fully secured and claims will be paid in full over 360 months, in equal monthly payments, without interest.  If a creditor holding a claim in this class asserts that payment of a claim in this class, without interest, is less than the amount required under §1129(b)(2)(i)(II) , the creditor shall be entitled to a hearing to determine the value of its collateral.  The procedure for determining the value of the collateral may be initiated by the creditor, the debtor or established at the discretion of the Court. Upon a determination by the Court of the value of the collateral securing a claim in this class, the payments shall be adjusted and increased up to an amount which equals the value of the collateral securing the claim, amortized over 360 months with interest at the Till rate.

e. Payments to creditors holding claims in this class shall be equal in amount and commence on the effective date of the plan, and continue on the same day of each succeeding month, unless the Court has entered an order requiring adequate protection payments or there is pending a motion to value the a claim in this class. If the Court has entered an order requiring adequate protection payments to a creditor in this class, the payments under the plan for that creditor shall be deemed to have commenced on the date of the first required adequate protection payment, and they shall thereafter continue on the same day of each succeeding month until the allowed secured claim is satisfied as described above.  If there is a pending a motion to value a claim in this class on the effective date of the plan,  and there is no order requiring adequate protection payments, the payments shall commence on the first day of the first month after an order valuing the claim is final, and unappealable.

f. Each creditor in this class shall retain its lien to the extent permitted by §506(d) of the Bankruptcy Code. This class is impaired.

**3. Class 3 - Secured Claims of Greentree Mortgage Company.**

a. This class is the allowed secured claims of those creditors, who hold a mortgage on Parcel 33.   It is believed that Greentree Mortgage Company or a related entity is the servicer or owner of the mortgage.

b. Payments on allowed secured claims in this class shall be amortized over 360 months with interest at the Till rate, unless an election under §1111(b) of the Bankruptcy Code is made by this class.

c. The proposed Till rate is the prime rate on the confirmation date plus one percent interest, per annum.  The proposed Till rate shall be deemed the Till rate for this class, unless otherwise ordered by the Court.  Upon the filing of an objection to the plan regarding the proposed Till rate,  the Court shall establish the Till rate, upon the evidence presented.

d. This class may elect to be treated as fully secured under the provisions of §1111(b) of the Bankruptcy Code.  If the election is made, the class will be treated as fully secured and claims will be paid in full over 360 months, in equal monthly payments, without interest.  If a creditor holding a claim in this class asserts that payment of a claim in this class, without interest, is less than the amount required under §1129(b)(2)(i)(II) , the creditor shall be entitled to a hearing to determine the value of its collateral.  The procedure for determining the value of the collateral may be initiated by the creditor, the debtor or established at the discretion of the Court. Upon a determination by the Court of the value of the collateral securing a claim in this class, the payments shall be adjusted and increased up to an amount which equals the value of the collateral securing the claim, amortized over 360 months with interest at the Till rate.

e. Payments to creditors holding claims in this class shall be equal in amount and commence on the effective date of the plan, and continue on the same day of each succeeding month, unless the Court has entered an order requiring adequate protection payments or there is pending a motion to value the a claim in this class. If the Court has entered an order requiring adequate protection payments to a creditor in this class, the payments under the plan for that creditor shall be deemed to have commenced on the date of the first required adequate protection payment, and they shall thereafter continue on the same day of each succeeding month until the

allowed secured claim is satisfied as described above. If there is a pending a motion to value a claim in this class on the effective date of the plan, and there is no order requiring adequate protection payments, the payments shall commence on the first day of the first month after an order valuing the claim is final, and unappealable.

      f. Each creditor in this class shall retain its lien to the extent permitted by §506(d) of the Bankruptcy Code. This class is impaired.

      **4. Class 4 - Secured Claims of HSBC Bank USA, N.A.**

      a. This class is the allowed secured claims of those creditors, who hold a mortgages on Parcels 15 and 21. It is believed that HSBC Bank USA, N.A., as Trustee or a related entity is the servicer or owner of the mortgage.

      b. Payments on allowed secured claims in this class shall be amortized over 360 months with interest at the Till rate, unless an election under §1111(b) of the Bankruptcy Code is made by this class.

      c. The proposed Till rate is the prime rate on the confirmation date plus one percent interest, per annum. The proposed Till rate shall be deemed the Till rate for this class, unless otherwise ordered by the Court. Upon the filing of an objection to the plan regarding the proposed Till rate, the Court shall establish the Till rate, upon the evidence presented.

      d. This class may elect to be treated as fully secured under the provisions of §1111(b) of the Bankruptcy Code. If the election is made, the class will be treated as fully secured and claims will be paid in full over 360 months, in equal monthly payments, without interest. If a creditor holding a claim in this class asserts that payment of a claim in this class, without interest, is less than the amount required under §1129(b)(2)(i)(II), the creditor shall be entitled to a hearing to determine the value of its collateral. The procedure for determining the value of the collateral may be initiated by the creditor, the debtor or established at the discretion of the Court. Upon a determination by the Court of the value of the collateral securing a claim in this class, the payments shall be adjusted and increased up to an amount which equals the value of the collateral securing the claim, amortized over 360 months with interest at the Till rate.

      e. Payments to creditors holding claims in this class shall be equal in amount and commence on the effective date of the plan, and continue on the same day of each succeeding month, unless the Court has entered an order requiring adequate protection payments or there is pending a motion to value the a claim in this class. If the Court has entered an order requiring adequate protection payments to a creditor in this class, the payments under the plan for that creditor shall be deemed to have commenced on the date of the first required adequate protection payment, and they shall thereafter continue on the same day of each succeeding month until the allowed secured claim is satisfied as described above. If there is a pending a motion to value a claim in this class on the effective date of the plan, and there is no order requiring adequate protection payments, the payments shall commence on the first day of the first month after an order valuing the claim is final, and unappealable.

      f. Each creditor in this class shall retain its lien to the extent permitted by §506(d) of the Bankruptcy Code. This class is impaired.

**5. Class 5 - Secured Claims of Wells Fargo Bank, N.A.**

a. This class is the allowed secured claims of those creditors, who hold a mortgages on Parcels 4,12, and 13.  It is believed that Wells Fargo Bank, N.A. or a related entity is the servicer or owner of the mortgage.

b. Payments on allowed secured claims in this class shall be amortized over 360 months with interest at the Till rate, unless an election under §1111(b) of the Bankruptcy Code is made by this class.

c. The proposed Till rate is the prime rate on the confirmation date plus one percent interest, per annum.  The proposed Till rate shall be deemed the Till rate for this class, unless otherwise ordered by the Court.  Upon the filing of an objection to the plan regarding the proposed Till rate,  the Court shall establish the Till rate, upon the evidence presented.

d. This class may elect to be treated as fully secured under the provisions of §1111(b) of the Bankruptcy Code.  If the election is made, the class will be treated as fully secured and claims will be paid in full over 360 months, in equal monthly payments, without interest.  If a creditor holding a claim in this class asserts that payment of a claim in this class, without interest, is less than the amount required under §1129(b)(2)(i)(II) , the creditor shall be entitled to a hearing to determine the value of its collateral.  The procedure for determining the value of the collateral may be initiated by the creditor, the debtor or established at the discretion of the Court. Upon a determination by the Court of the value of the collateral securing a claim in this class, the payments shall be adjusted and increased up to an amount which equals the value of the collateral securing the claim, amortized over 360 months with interest at the Till rate.

e. Payments to creditors holding claims in this class shall be equal in amount and commence on the effective date of the plan, and continue on the same day of each succeeding month, unless the Court has entered an order requiring  adequate protection payments or there is pending a motion to value the a claim in this class. If the Court has entered an order requiring adequate protection payments to a creditor in this class, the payments under the plan for that creditor shall be deemed to have commenced on the date of the first required adequate protection payment, and they shall thereafter continue on the same day of each succeeding month until the allowed secured claim is satisfied as described above.  If there is a pending a motion to value a claim in this class on the effective date of the plan,  and there is no order requiring adequate protection payments, the payments shall commence on the first day of the first month after an order valuing the claim is final, and unappealable.

f. Each creditor in this class shall retain its lien to the extent permitted by §506(d) of the Bankruptcy Code. This class is impaired.

**6. Class 6 - Unsecured Deficiency Claims**

a. This class is comprised of the allowed general unsecured claims of  creditors who also hold secured claims in classes 1, 2, 3, 4 and 5. These claims are the allowed general unsecured claims of those creditors after a valuation of collateral under §506 of the Bankruptcy Code.

b. Creditors in any class which makes an election under §1111(b) of the Bankruptcy Code to be treated as fully secured shall not be treated as members in this class.

c. The debtor shall disburse each month to each creditor in this class an amount which is sufficient to satisfy the allowed general unsecured claim, without interest, in 240 equal monthly payments.

d. Disbursements to creditors in this class shall commence on the first day of the first month after the effective date of the plan, except for creditors who have a motion to value the their secured claim pending. If a creditor in this class has a motion to value its secured claim pending on the first day of the first month after the effective date of the plan, the creditor shall commence receiving distribution on the first day of the first month after an order determining the value of the claim is final and nonappealable.

e. This class is impaired.

**7. Class 7 - Allowed General Unsecured Claims.**

a. This class is comprised of allowed general unsecured claims held by those who are not entitled to distribution as creditors in classes 1,2,3,4,5 and 7. No person or entity who is an insider shall receive distribution as a member of this class.

b. The debtor shall disburse each month to each creditor in this class an amount which is, at a minimum, sufficient to satisfy the allowed general unsecured claim, without interest, in 12 equal monthly payments.

c. Disbursements to creditors in this class shall commence on the first day of the first month after the effective date of the plan, except for creditors who have an objection to claim pending. If a creditor in this class has an objection to claim pending on the first day of the first month after the effective date of the plan, the creditor shall commence receiving distribution on the first day of the first month after an order entered on the objection to claim is final and nonappealable.

d. This class is impaired.

**8. Class 8 - Allowed General Unsecured Claims of Insiders.**

a. This class is comprised of allowed general unsecured claims held by any person or entity who is an insider.

c. The debtor shall disburse each month to each creditor in this class an amount which is at least sufficient to satisfy the allowed general unsecured claim, without interest, in 360 equal monthly payments.

d. Disbursements to creditors in this class shall commence on the first day of the first month after the effective date of the plan, except for creditors who have an objection to claim pending. If a creditor in this class has an objection to claim pending on the first day of the first month after the effective date of the plan, the creditor shall commence receiving distribution on the first day of the first month after an order entered on the objection to claim is final and nonappealable.

e. This class is impaired.

**9. Class 9 - Equity Interests of the debtor.**

a. This class is comprised of the interests of those holding an ownership interest in the debtor.

b. This class is not impaired.

### C. Executory Contracts and Unexpired Leases

1. The debtor is a party to several unexpired residential leases for the property owned by the debtor. To the extent they might exist they shall be deemed assumed on the effective date of the plan.

### III. Provisions Applicable to All Creditors and Interested Parties

### A. General Provisions

1. The following provisions set forth below are applicable to all parties and interests under the plan.

a. The rights and obligations of any entity named or referred to in this plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

b. The headings contained in this plan are for convenience of reference only and do not affect the meaning or interpretation of this plan.

c. Unless a rule of law or procedure is supplied by federal law, including the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, the laws of the State of Florida govern this plan and any agreements, documents, and instruments executed in connection with this plan, except as otherwise provided in this plan.

d. On the confirmation date of this plan, the debtor will be discharged from any debt that arose before the petition date, except as provided by §1141 of the Bankruptcy Code.

e. The debtor, upon reasonable request by any creditor holding an allowed secured claim which has been classified under the terms of the plan, shall execute a note, security agreement, mortgage or other similar instrument or document to reflect the amounts owing upon the effective date of the plan, the terms of payment as provided by the plan, and to preserve and maintain any security interest, mortgage interest or lien rights. It shall be the responsibility of the creditor to prepare any such instrument or document. Instruments and documents prepared under this section may provide that the debtor be required to maintain insurance and pay taxes on collateral, only to the extent that a creditor had such a right by way of statute or written agreement prior to the commencement of the case. Instruments and documents prepared under this section may provide that if the debtor defaults in payments under the plan, or in any obligation by way of statute or written agreement to provide insurance or pay taxes (except taxes paid through the plan and owing on the effective date of the plan), then the creditor may, at its

option, accelerate full payment of the obligation. Upon default, as set forth above, the instrument may provide that the creditor pursue its remedies in its collateral, as provided by law, including repossession or foreclosure of its interest. Further, upon default as set forth above, the document or instrument may provide that the creditor is entitled to reasonable attorney's fees and costs incurred in the preservation, liquidation of its collateral, foreclosure of its lien rights, or in collecting amounts due only to the extent that a creditor has such a right by way of statute or written agreement prior to the commencement of the case. Such instruments and documents may also provide for payment of a late charge upon the failure of the debtor to make timely payments, and to escrow taxes and insurance, only to the extent that a creditor had such a right by way of statute or written agreement prior to the commencement of the case.

   f. The debtor, upon reasonable request by any creditor holding an allowed unsecured claim which has been classified under the terms of the plan, shall execute a note (or other similar instrument or document) to reflect the amounts owing to the creditor upon the effective date of the plan, and the terms of payment as provided by the plan.  It shall be the responsibility of the creditor to prepare any note.  Notes, prepared under this section may provide that if the debtor defaults in payments under the plan, then the creditor may, at its option, accelerate full payment of the obligation and  may provide that the creditor is entitled to reasonable attorney's fees and costs incurred in collecting amounts due. Notes prepared under this section may rely on information provided in the disclosure statement to determine the monthly payments.

   g. Each secured creditor shall retain its lien to the extent permitted by §506(d) of the Bankruptcy Code.

   h. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

### B. Definitions

   1. The term "allowed administrative expense claim" shall mean a claim which is an allowed administrative expense under § 507(a)(2) of the Bankruptcy Code.

   2. The term "allowed claim" shall mean a claim (a) in respect of which a proof of claim has been filed with the Court within the applicable period of limitation fixed by  Fed. R. Bankr. P. 3001;or, (b) scheduled in the list of creditors prepared with the Court pursuant to Fed. R. Bankr. P. 1007(b), and not listed as disputed, contingent or unliquidated as to the amount, in either case as to which no objection to the allowance thereof has been interposed within any applicable period of limitation fixed by Rule 3001 or an order of the Court, or as to which any such objection has been determined by an order or judgment which is no longer subject to appeal or certiorari proceeding and as to which no appeal or certiorari proceeding is pending.

   3.  The term "allowed general unsecured claim" shall mean a claim which is an  allowed claim which is not secured or entitled to priority under § 507(a) of the Bankruptcy Code.

   4. The term "allowed interest" shall mean an interest (a) in respect of which a proof of interest has been filed with the Court within the applicable period of limitation fixed by Fed. R. Bankr. P. 3001; or (b) scheduled in the list of equity security holders prepared and filed with the Court pursuant to Fed. R. Bankr. P. 1007(b), in either case as to which no objection to the

allowance thereof has been interposed within any applicable period of limitation fixed by Rule 3001 or an order of the Court, or as to which any such objection has been determined by an order or judgment which is no longer subject to appeal or certiorari proceeding and as to which no appeal or certiorari proceeding is pending.

     5. The term "allowed priority tax claim" shall mean a claim which is an Allowed Claim and a claim as described in under § 507(a)(8) of the Bankruptcy Code and shall include an allowed secured claim which would otherwise meet the description of a claim under section 507(a)(8).

     6. The term "allowed secured claim" shall mean an allowed claim secured by a lien, security interest or other charge against or interest in property in which the debtor has an interest, or which is subject to setoff under § 553 of the Bankruptcy Code, to the extent of the value (determined in accordance with § 506(a)) of the interest of the holder of such allowed claim in the debtor's interest in such property or to the extent of the amount subject to such setoff, as the case may be.

     7. The term "Bankruptcy Code" shall mean the Bankruptcy Code codified at 11 U.S.C. §101 et seq.

     8. The term "balloon payment" shall mean a payment in an amount necessary to satisfy an allowed claim, including principal, accrued interest, or other charges.

     9. The term "claim" shall mean any right to payment, or right to an equitable remedy for breach of performance if such breach gives rise to a right to payment against debtor in existence on or as of the petition date, whether or not such right to payment or right to an equitable remedy is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, beneficial, secured or unsecured.

     10. The term "class" shall mean any class into which allowed claims or allowed interests are classified pursuant to the provisions of § 1122 of the Bankruptcy Code.

     11. The term "confirmation date" shall mean the date upon which the order of confirmation is entered by the Court.

     l2. The term "confirmation order" shall mean shall mean the order entered by the Court confirming the plan in accordance with the provisions of chapter 11 of the Bankruptcy Code, which order is no longer subject to appeal or certiorari proceeding or as to which no appeal or certiorari proceeding is pending. This term is synonymous with the term "order of confirmation".

     13. The term "Court" shall mean the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division, and any court having competent jurisdiction to hear appeals or certiorari proceedings therefrom.

     14. The term "creditor"shall mean any person or entity that has a claim against the debtor.

     15. The term "debtor" or "debtors" shall mean the debtor or debtors listed in the caption of this document.

16. The term "disclosure statement" shall mean the document labeled as the disclosure statement accompanying the plan, and approved by the Court in accordance with §1125 of the Bankruptcy Code.

17. The term "effective date of plan" or "effective date of the plan" or "effective date" shall mean the first day of the second month following the date of the entry of order of confirmation which is final and non-appealable.

18. The term "maximum number of months permitted to pay priority tax claims" shall mean 5 years from the petition date as set forth in §1129(a)(9)(C)(ii) of the Bankruptcy Code.

19. The term "order of confirmation" shall mean the order entered by the Court confirming the plan in accordance with the provisions of chapter 11 of the Bankruptcy Code, which order is no longer subject to appeal or certiorari proceeding or as to which no appeal or certiorari proceeding is pending. This term is synonymous with the term "confirmation order".

20. The term "petition date" shall mean the date the debtor filed its voluntary petition under chapter 11 of the Bankruptcy Code.

21. The term "plan" shall mean this chapter 11 plan, as amended, in accordance with the terms hereof or modified in accordance with the Bankruptcy Code.

22. The term "plan proponent" shall mean the debtor.

23. The term "prime rate " shall mean the prime rate of interest, as reported by the *Wall Street Journal*.

24. The term "proposed Till rate" shall mean the Till rate proposed by the debtor as identified in the plan.

25. The term "satisfied" or "satisfaction" shall mean the payment of an allowed claim as provided for under the term of the plan, including any interest or other charges as provided for under the terms of the plan.

26. The term "Till rate" shall mean the rate of interest per annum determined in accordance with the rationale enunciated in *Till v. SCS Credit Corp.,* 541 U.S. 465, 124 S.Ct. 1951, 158 L.Ed.2d 787 (2004). The proposed Till rate shall be the Till rate, unless otherwise ordered by the Court, and as provided in the plan.

### C. Parcels of Real Estate Owned by the Debtor

1. The debtor owns 33 parcels of real estate. The majority of the parcels are encumbered by mortgages. A list of the parcels is provided below. All 33 parcels have been assigned a parcel number. The parcel numbers correspond to those referenced in the classification of claims in the plan. The mortgagee listed is based upon the records of the debtor and billing statements provided by mortgagees. More detailed information regarding each parcel is included in the disclosure statement.

**Parcel 1**

Location:113-115 Shiloh Avenue, Lady Lake, FL 32159

Parcel Identification Number: 20-18-24-050000C01000

Legal Description: O.R. Book 3327/1258, Lake County, Florida

Mortgagee: American Home Servicing, Inc.

**Parcel 2**

Location:117-119 Shiloh Avenue, Lady Lake, FL 32159

Parcel Identification Number: 20-18-24-050000C00900

Legal Description: O.R. Book 3327/1258, Lake County, Florida

Mortgagee: Chase

**Parcel 3**

Location:121-123 Shiloh Avenue, Lady Lake, FL 32159

Parcel Identification Number: 20-18-24-050000C00800

Legal Description:  O.R. Book 3327/1258, Lake County, Florida

Mortgagee: Chase

**Parcel 4**

Location:122 & 124 Shiloh Avenue, Lady Lake, FL 32159

Parcel Identification Number: 20-18-24-050000B00900

Legal Description:  O.R. Book 3327/1258, Lake County, Florida

Mortgagee: Wells Fargo

**Parcel 5**

Location:128 Shiloh Avenue, Lady Lake, FL 32159

Parcel Identification Number: 20-18-24-050000B00800

Legal Description: O.R. Book 3327/1258,  Lake County, Florida

Mortgagee: Chase

**Parcel 6**

Location: 129-131 Shiloh Avenue, Lady Lake, FL 32159

Parcel Identification Number: 20-18-24-050000C00600

Legal Description: O.R. Book 3327/1258, Lake County, Florida

Mortgagee: Chase

**Parcel 7**

Location:132 Shiloh Avenue, Lady Lake, FL 32159

Parcel Identification Number: 20-18-24-050000B00700

Legal Description:  O.R. Book 3327/1258,  Lake County, Florida

Mortgagee: Chase

**Parcel 8**

Location:138 Shiloh Avenue, Lady Lake, FL 32159

Parcel Identification Number: 20-18-24-050000B00500

Legal Description:  O.R. Book 3327/1258, Lake County, Florida

Mortgagee: None

**Parcel 9**

Location:135 Shiloh Avenue, Lady Lake, FL 32159

Parcel Identification Number: 20-18-24-050000C00500

Legal Description:  O.R. Book 3327/1258, Lake County, Florida

Mortgagee: Chase

**Parcel 10**

Location: Shiloh Avenue Lady Lake, FL 32159

Parcel Identification Number: 20-18-24-050000B00400

Legal Description:  O.R. Book 3327/1258, Lake County, Florida

Mortgagee: None

**Parcel 11**

Location:143 Shiloh Avenue, Lady Lake, FL 32159

Parcel Identification Number: 20-18-24-050000C00400

Legal Description:  O.R. Book 3327/1258, Lake County, Florida

Mortgagee: None

**Parcel 12**

Location:146 Shiloh Avenue, Lady Lake, FL 32159

Parcel Identification Number: 20-18-24-050000B00300

Legal Description:  O.R. Book 3327/1258, Lake County, Florida

Mortgagee: Wells Fargo

**Parcel 13**

Location:150 Shiloh Avenue, Lady Lake, FL 32159

Parcel Identification Number: 20-18-24-050000B00200

Legal Description:  O.R. Book 3327/1258, Lake County, Florida

Mortgagee: Wells Fargo

**Parcel 14**

Location:495 Arlington Avenue, Lady Lake, FL 32159

Parcel Identification Number: 20-18-24-050000C00100

Legal Description:  O.R. Book 3327/1258, Lake County, Florida

Mortgagee: Chase

**Parcel 15**

Location:130 Shenandoah Avenue, Lady Lake, FL 32159

Parcel Identification Number: 20-18-24-050000A00600

Legal Description:  O.R. Book 3327/1258, Lake County, Florida

Mortgagee: HSBC Bank USA, N.A., as Trustee

**Parcel 16**

Location: Shenandoah Avenue, Lady Lake, FL 32159

Parcel Identification Number: 20-18-24-050000B02000

Legal Description:  O.R. Book 3327/1258, Lake County, Florida

Mortgagee: None

**Parcel 17**

Location:126 Shenandoah Avenue, Lady Lake, FL 32159

Parcel Identification Number: 20-18-24-050000A00700

Legal Description:  O.R. Book 3327/1258, Lake County, Florida

Mortgagee: Chase

**Parcel 18**

Location:125 &127 Shenandoah Avenue, Lady Lake, FL 32159

Parcel Identification Number: 20-18-24-050000B01800

Legal Description:  O.R. Book 3327/1258, Lake County, Florida

Mortgagee: Chase

**Parcel 19**

Location: 122 Shenandoah Avenue, Lady Lake, FL 32159

Parcel Identification Number: 20-18-24-050000A00800

Legal Description:  O.R. Book 3327/1258, Lake County, Florida

Mortgagee: Chase

**Parcel 20**

Location: 121 Shenandoah Avenue, Lady Lake, FL 32159

Parcel Identification Number: 20-18-24-050000B01701

Legal Description:  O.R. Book 3327/1258, Lake County, Florida

Mortgagee: None

**Parcel 21**

Location: 118 Shenandoah Avenue, Lady Lake, FL 32159

Parcel Identification Number: 20-18-24-050000A00900

Legal Description:  O.R. Book 3327/1258, Lake County, Florida

Mortgagee: HSBC Bank USA, N.A., as Trustee

**Parcel 22**

Location: 117 & 119 Shenandoah Avenue, Lady Lake, FL 32159

Parcel Identification Number: 20-18-24-050000B01600

Legal Description:  O.R. Book 3327/1258, Lake County, Florida

Mortgagee: Chase

**Parcel 23**

Location: 114 Shenandoah Avenue, Lady Lake, FL 32159

Parcel Identification Number: 20-18-24-050000A01000

Legal Description:  O.R. Book 3327/1258, Lake County, Florida

Mortgagee: Chase

**Parcel 24**

Location: 113 & 115 Shenandoah Avenue, Lady Lake, FL 32159

Parcel Identification Number: 20-18-24-050000B01500

Legal Description:  O.R. Book 3327/1258, Lake County, Florida

Mortgagee: Chase

**Parcel 25**

Location:110 Shenandoah Avenue, Lady Lake, FL 32159

Parcel Identification Number: 20-18-24-050000A01100

Legal Description:  O.R. Book 3327/1258, Lake County, Florida

Mortgagee: Chase

**Parcel 26**

Location:109 & 111 Shenandoah Avenue, Lady Lake, FL 32159

Parcel Identification Number: 20-18-24-050000B01400

Legal Description:  O.R. Book 3327/1258, Lake County, Florida

Mortgagee: Chase

**Parcel 27**

Location:103 Shenandoah Avenue, Lady Lake, FL 32159

Parcel Identification Number: 20-18-24-050000B01300

Legal Description:  O.R. Book 3327/1258, Lake County, Florida

Mortgagee: Chase

**Parcel 28**

Location:102 Shenandoah Avenue, Lady Lake, FL 32159

Parcel Identification Number: 20-18-24-050000A01200

Legal Description:  O.R. Book 3327/1258, Lake County, Florida

Mortgagee: Chase

**Parcel 29**

Location: 102 Shiloh Avenue, Lady Lake, FL 32159

Parcel Identification Number: 20-18-24-050000B01200

Legal Description:  O.R. Book 3327/1258, Lake County, Florida

Mortgagee: Chase

**Parcel 30**

Location: 105 Shiloh Avenue, Lady Lake, FL 32159

Parcel Identification Number: 20-18-24-050000C01200

Legal Description:  O.R. Book 3327/1258, Lake County, Florida

Mortgagee: Chase

**Parcel 31**

Location: 114 Shiloh Avenue, Lady Lake, FL 32159

Parcel Identification Number: 20-18-24-050000B01100

Legal Description:  O.R. Book 3327/1258, Lake County, Florida

Mortgagee: Chase

**Parcel 32**

Location: 118 - 120 Shiloh Avenue, Lady Lake, FL 32159

Parcel Identification Number: 20-18-24-050000B01000

Legal Description:  O.R. Book 3327/1258, Lake County, Florida

Mortgagee: American Home Mortgage Servicing, Inc.

**Parcel 33**

Location: 125 Shiloh Avenue, Lady Lake, FL 32159

Parcel Identification Number: 20-18-24-050000C00701

Legal Description:  O.R. Book 3250/1954, Lake County, Florida

Mortgagee: Green Tree

Dated: August 13, 2012                    By: **/s/ Richard A. Perry**
    RICHARD A. PERRY
    Florida Bar No. 394520
    820 East Fort King Street
    Ocala, Florida 34471
    (352) 732-2299
    richardperry@richard-a-perry.com
    Attorney for Debtor