UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

Bankruptcy Case 3:12-bk-03726-JAF

Sirolli Properties, LLLP

Debtor.

■■■■■■■■■■■■■■

SECOND AMENDED PLAN

The debtor, Sirolli Properties, LLLP, proposes and submits the following plan.

## I. INTRODUCTION

### A. Plan

1.  The debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code and is the proponent of this plan.

2.  The plan sets forth how, and to the extent, the debtor proposes to pay and treat the claims and interests of creditors and other interested parties, under the provisions of chapter 11 of the Bankruptcy Code.

3. The definitions set forth in the plan, and the definitions and rules of construction set forth in §101 and §102 of the Bankruptcy Code shall apply when interpreting the plan.

4.  The plan will not be effective unless it is confirmed pursuant to a confirmation order.

### B. Disclosure Statement

1.  The plan is accompanied by a disclosure statement. The purpose of the disclosure statement is to provide sufficient information to creditors, and other interested parties, so that they can make a reasonably informed decision as to whether to accept or reject the plan.

2.  The definitions set forth in the plan, and the definitions and rules of construction set forth in §101 and §102 of the Bankruptcy Code shall apply when interpreting the disclosure statement.

3.  If there is an inconsistency between the plan and disclosure statement, the provisions of the plan shall control.

1

### D. Identification and Affiliation of Individuals
### Serving in Management after Confirmation of Plan

1. The plan contemplates that the debtor will continue in its business operations after the confirmation of the plan.

2. The following disclosure is made for the purpose of complying with the provisions of §1129(a)(5)(i) of the Bankruptcy Code:

a. Carmen N. Sirolli was the trustee of the Carmen Sirolli Trust and a general partner of the debtor entity on the petition dated. He died February 22, 2013 and will no longer participate in management. The new trustee of the Carmen Sirolli Trust will not participate in management.

b. Rosemary A. DiGiulio is also a general partner. She was the chief operating officer and manages the day to day business operations of the debtor on the petition date. She now serves and will continue to serve as the chief executive officer and chief operating officer of the debtor after confirmation of the plan.

c. Carmen J. Sirolli Sr. is the third general partner. He does not participate in management or work as an employee. He will continue to serve in the same capacity after confirmation of the plan.

## II. CLAIMS LEFT UNCLASSIFIED

### A. Administrative Claims

1. Administrative claims are left unclassified under the plan.

### B. Priority Claims

1. Priority claims are left unclassified under the plan pursuant to the provisions of §1123(a)(1) of the Bankruptcy Code. This includes any secured claim which would otherwise meet the description of a priority claim held by a governmental unit under §507(a)(8) and as provided by§1129(a)(9)(D) of the Bankruptcy Code.

### C. United States Trustee Fees

1. Any fee owing to the United States trustee under 28 U.S.C. §1930(a)(6) is left unclassified.

## II.  TREATMENT OF CLAIMS LEFT UNCLASSIFIED

### A. Administrative Claims

1.  Each holder of an administrative claim will be paid in full on or before the effective date of the plan in cash, or upon such other terms as may be agreed upon by the holder of the claim and the debtor.

### B. Priority Claims

1.   The debtor shall make equal monthly payments to creditors holding allowed priority claims consistent with §1129(a)(9)(C) of the Bankruptcy Code.

2.  The payments shall equal the amount of the priority tax claim amortized over the maximum number of months permitted to pay priority tax claims, with interest at 3% per annum, or at such greater amount as may be required under §511 of the Bankruptcy Code.

3.  Payments shall commence on the effective date of the plan.

4. Tangible personal property taxes and *ad valorem* real property taxes owed to the Lake County Tax Collector, which come due after the petition date, shall be paid as they come due.

### C. United States Trustee Fees

1.  United States trustee fees will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Bankruptcy Code.

2.  Any United States trustee fees owed on or before the effective date of this plan will be paid on the effective date.

## III. CLASSIFICATION OF CLAIMS

### A. Designation of Claims Which are Classified

1.  All claims are classified under the plan, except administrative and priority claims.

2.  There are three types of classes designated under the plan: secured; unsecured and equity.

## B. Secured Classes Designated under the Plan

1. The secured classes are comprised of various creditors who hold claims secured by mortgage liens on real property owned by the debtor.

2. Secured Classes are Class 1 ▉▉ through Class 28 ▉▉ under the plan.

3. Set forth below is a description of each secured class, and an indication as to whether the plan impairs claims within the class.


Class 1 ▉▉   113-115 Shiloh Ave - Lady Lake, FL
a.  This class is comprised of the allowed secured claims of those creditors who hold a mortgage lien on collateral which is a parcel of real property described below.
b.  The real property is located at 113-115 Shiloh Ave - Lady Lake, FL 32159; the Lake County Property Appraiser has assigned Parcel Identification Number 20-18-24-050000C01000 to this parcel.
c. JPMorgan Chase Bank has filed Claim 4 indicating it holds a mortgage lien on the property and is owed $90,605. It is believed this creditor is the sole member of this class.
d. This class is impaired under the plan.

Class 2 ▉▉   117-119 Shiloh Ave - Lady Lake, FL
a.  This class is comprised of the allowed secured claims of those creditors who hold a mortgage lien on collateral which is a parcel of real property described below.
b.  The real property is located at 117-119 Shiloh Ave - Lady Lake,  FL 32159; the Lake County Property Appraiser has assigned Parcel Identification Number 20-18-24-050000C00900 to this parcel.
c. JPMorgan Chase Bank holds a mortgage lien on the property and is owed $85,585. It is believed this creditor is the sole member of this class.
d. This class is impaired under the plan.

Class 3 ▉▉   121-123 Shiloh Ave - Lady Lake, FL
a.  This class is comprised of the allowed secured claims of those creditors who hold a mortgage lien on collateral which is a parcel of real property described below.
b.  The real property is located at 121-123 Shiloh Ave - Lady Lake, FL 32159; the Lake County Property Appraiser has assigned Parcel Identification Number 20-18-24-050000C00800 to this parcel; and, the legal description for this parcel is set forth in the public records of Lake County, Florida in Official Records Book 3327 at 1258.
c. JPMorgan Chase Bank has filed Claim 8 indicating it holds a mortgage lien on the property and is owed $90,775. It is believed this creditor is the sole member of this class.
d. This class is impaired under the plan.

Class 4 ▮▮   126-128 Shiloh Ave - Lady Lake, FL
a.  This class is comprised of the allowed secured claims of those creditors who hold a mortgage lien on collateral which is a parcel of real property described below.

b.  The real property is located at 126-128 Shiloh Ave - Lady Lake, FL 32159; the Lake County Property Appraiser has assigned Parcel Identification Number 20-18-24-050000B00800 to this parcel.

c. JPMorgan Chase Bank holds a mortgage lien on the property and is owed $82,585. It is believed this creditor is the sole member of this class.

d. This class is impaired under the plan.

Class 5 ▮▮   129-131 Shiloh Ave - Lady Lake, FL
a.  This class is comprised of the allowed secured claims of those creditors who hold a mortgage lien on collateral which is a parcel of real property described below.

b.  The real property is located at 129-131 Shiloh Ave - Lady Lake, FL 32159; the Lake County Property Appraiser has assigned Parcel Identification Number 20-18-24-050000C00600 to this parcel.

c. JPMorgan Chase Bank holds a mortgage lien on the property and is owed $82,585. It is believed this creditor is the sole member of this class.

d. This class is impaired under the plan.

Class 6 ▮▮   130-132 Shiloh Ave - Lady Lake, FL
a.  This class is comprised of the allowed secured claims of those creditors who hold a mortgage lien on collateral which is a parcel of real property described below.

b.  The real property is located at 130-132 Shiloh Ave - Lady Lake, FL 32159; the Lake County Property Appraiser has assigned Parcel Identification Number 20-18-24-050000B00700 to this parcel.

c. JPMorgan Chase Bank has filed Claim 13 indicating it holds a mortgage lien on the property and is owed $82,585. It is believed this creditor is the sole member of this class..

d. This class is impaired under the plan.

Class 7 ▮▮   133-135-137-139 Shiloh Ave - Lady Lake, FL
a.  This class is comprised of the allowed secured claims of those creditors who hold a mortgage lien on collateral which is a parcel of real property described below.

b.  The real property is located at 133-135-137-139 Shiloh Ave - Lady Lake, FL 32159; the Lake County Property Appraiser has assigned Parcel Identification Number 20-18-24-050000C00500 to this parcel.

c. JPMorgan Chase Bank holds a mortgage lien on the property and is owed $102,745. It is believed this creditor is the sole member of this class.

d. This class is impaired under the plan.

Class 8 ▮▮   495-497 Arlington Ave - Lady Lake, FL

a.  This class is comprised of the allowed secured claims of those creditors who hold a mortgage lien on collateral which is a parcel of real property described below.

b.  The real property is located at 495-497 Arlington Ave - Lady Lake, FL 32159; the Lake County Property Appraiser has assigned Parcel Identification Number 20-18-24-050000C00100 to this parcel.

c.  JPMorgan Chase Bank holds a mortgage lien on the property and is owed $83,025. It is believed this creditor is the sole member of this class.

d.  This class is impaired under the plan.

Class 9 ▮▮   126 ABC Shenandoah Ave - Lady Lake, FL

a.  This class is comprised of the allowed secured claims of those creditors who hold a mortgage lien on collateral which is a parcel of real property described below.

b.  The real property is located at 126 ABC Shenandoah Ave - Lady Lake, FL 32159; the Lake County Property Appraiser has assigned Parcel Identification Number 20-18-24-050000A00700 to this parcel.

c.  JPMorgan Chase Bank holds a mortgage lien on the property and is owed $156,925. It is believed this creditor is the sole member of this class.

d.  This class is impaired under the plan.

Class 10 ▮▮   125 &127 Shenandoah Ave - Lady Lake, FL

a.  This class is comprised of the allowed secured claims of those creditors who hold a mortgage lien on collateral which is a parcel of real property described below.

b.  The real property is located at 126 ABC Shenandoah Ave - Lady Lake, FL 32159; the Lake County Property Appraiser has assigned Parcel Identification Number 20-18-24-050000B01800 to this parcel.

c.  JPMorgan Chase Bank holds a mortgage lien on the property and is owed $83,005. It is believed this creditor is the sole member of this class.

d.  This class is impaired under the plan.

Class 11 ▮▮   122 ABC Shenandoah Ave - Lady Lake, FL

a.  This class is comprised of the allowed secured claims of those creditors who hold a mortgage lien on collateral which is a parcel of real property described below.

b.  The real property is located at 126 ABC Shenandoah Ave - Lady Lake, FL 32159; the Lake County Property Appraiser has assigned Parcel Identification Number 20-18-24-050000A00800 to this parcel.

c.  JPMorgan Chase Bank holds a mortgage lien on the property and is owed $156,920. It is believed this creditor is the sole member of this class.

d.  This class is impaired under the plan.

Class 12 ▮▮   117 & 119 Shenandoah Ave - Lady Lake, FL

a.  This class is comprised of the allowed secured claims of those creditors who hold a mortgage lien on collateral which is a parcel of real property described below.

b.  The real property is located at 117 & 119 Shenandoah Ave - Lady Lake, FL 32159; the

Lake County Property Appraiser has assigned Parcel Identification Number 20-18-24-050000B01600 to this parcel.

    c. JPMorgan Chase Bank has filed Claim 15 indicating it holds a mortgage lien on the property and is owed $92,190. It is believed this creditor is the sole member of this class.

    d. This class is impaired under the plan.

    Class 13  ▮▮   114 ABC Shenandoah Ave - Lady Lake, FL

    a. This class is comprised of the allowed secured claims of those creditors who hold a mortgage lien on collateral which is a parcel of real property described below.

    b. The real property is located at 114 ABC Shenandoah Ave - Lady Lake, FL 32159; the Lake County Property Appraiser has assigned Parcel Identification Number 20-18-24-050000A01000 to this parcel.

    c. JPMorgan Chase Bank holds a mortgage lien on the property and is owed $156,920. It is believed this creditor is the sole member of this class.

    d. This class is impaired under the plan.

    Class 14  ▮▮   113 & 115 Shenandoah Ave - Lady Lake, FL

    a. This class is comprised of the allowed secured claims of those creditors who hold a mortgage lien on collateral which is a parcel of real property described below.

    b. The real property is located at 113 & 115 Shenandoah Ave - Lady Lake, FL 32159; the Lake County Property Appraiser has assigned Parcel Identification Number 20-18-24-050000B01500 to this parcel.

    c. JPMorgan Chase Bank has filed Claim 12 indicating it holds a mortgage lien on the property and is owed $92,670. It is believed this creditor is the sole member of this class.

    d. This class is impaired under the plan.

    Class 15  ▮▮   109 & 111 Shenandoah Ave - Lady Lake, FL

    a. This class is comprised of the allowed secured claims of those creditors who hold a mortgage lien on collateral which is a parcel of real property described below.

    b. The real property is located at 109 & 111 Shenandoah Ave - Lady Lake, FL 32159; the Lake County Property Appraiser has assigned Parcel Identification Number 20-18-24-050000B01400 to this parcel.

    c. JPMorgan Chase Bank has filed Claim 5 indicating it holds a mortgage lien on the property and is owed $91,935. It is believed this creditor is the sole member of this class.

    d. This class is impaired under the plan.

    Class 16  ▮▮   101-103-105-107 Shenandoah Ave - Lady Lake, FL

    a. This class is comprised of the allowed secured claims of those creditors who hold a mortgage lien on collateral which is a parcel of real property described below.

    b. The real property is located at  101-103-105-107 Shenandoah Ave - Lady Lake, FL 32159; the Lake County Property Appraiser has assigned Parcel Identification Number 20-18-24-050000B01300 to this parcel.

c. JPMorgan Chase Bank holds a mortgage lien on the property and is owed $75,255. It is believed this creditor is the sole member of this class.

d. This class is impaired under the plan.

Class 17 ▌▌ 102-104-106-108 Shenandoah Ave - Lady Lake, FL

a. This class is comprised of the allowed secured claims of those creditors who hold a mortgage lien on collateral which is a parcel of real property described below.

b. The real property is located at 102-104-106-108 Shenandoah Ave - Lady Lake, FL 32159; the Lake County Property Appraiser has assigned Parcel Identification Number 20-18-24-050000A01200 to this parcel.

c. JPMorgan Chase Bank holds a mortgage lien on the property and is owed $75,255. It is believed this creditor is the sole member of this class.

d. This class is impaired under the plan.

Class 18 ▌▌ 102-104-106-108 Shiloh Ave - Lady Lake, FL

a. This class is comprised of the allowed secured claims of those creditors who hold a mortgage lien on collateral which is a parcel of real property described below.

b. The real property is located at 102-104-106-108 Shiloh Ave - Lady Lake, FL 32159; the Lake County Property Appraiser has assigned Parcel Identification Number 20-18-24-050000B01200 to this parcel.

c. JPMorgan Chase Bank holds a mortgage lien on the property and is owed $75,005. It is believed this creditor is the sole member of this class.

d. This class is impaired under the plan.

Class 19 ▌▌ 101-103-105-107 Shiloh Ave - Lady Lake, FL

a. This class is comprised of the allowed secured claims of those creditors who hold a mortgage lien on collateral which is a parcel of real property described below.

b. The real property is located at 101-103-105-107 Shiloh Ave - Lady Lake, FL 32159; the Lake County Property Appraiser has assigned Parcel Identification Number 20-18-24-050000C01200 to this parcel.

c. JPMorgan Chase Bank filed Claim 9 indicating it holds a mortgage lien on the property and is owed $80,645. It is believed this creditor is the sole member of this class.

d. This class is impaired under the plan.

Class 20 ▌▌ 110-112-114-116 Shiloh Ave - Lady Lake, FL 32159

a. This class is comprised of the allowed secured claims of those creditors who hold a mortgage lien on collateral which is a parcel of real property described below.

b. The real property is located at  110-112-114-116 Shiloh Ave - Lady Lake, FL 32159; the Lake County Property Appraiser has assigned Parcel Identification Number 20-18-24-050000B01100 to this parcel.

c. JPMorgan Chase Bank has filed Claim 3 indicating it holds a mortgage lien on the property and is owed $116,155. It is believed this creditor is the sole member of this class.

d. This class is impaired under the plan.

Class 21 ❚❚ 122 & 124 Shiloh Ave - Lady Lake, FL

a. This class is comprised of the allowed secured claims of those creditors who hold a mortgage lien on collateral which is a parcel of real property described below.

b. The real property is located at 122 & 124 Shiloh Ave - Lady Lake, FL 32159; the Lake County Property Appraiser has assigned Parcel Identification Number 20-18-24-050000B00900 to this parcel.

c. Wells Fargo Bank, N.A. has filed Claim 7 indicating it holds a mortgage lien on the property and is owed $121,445. It is believed this creditor is the sole member of this class.

d. This class is impaired under the plan.

Class 22 ❚❚ 146 ABC Shiloh Ave - Lady Lake, FL

a. This class is comprised of the allowed secured claims of those creditors who hold a mortgage lien on collateral which is a parcel of real property described below.

b. The real property is located at 146 ABC Shiloh Ave - Lady Lake, FL 32159; the Lake County Property Appraiser has assigned Parcel Identification Number 20-18-24-050000B00300 to this parcel.

c. Wells Fargo Bank, N.A. holds a mortgage lien on the property and is owed $134,515. It is believed this creditor is the sole member of this class.

d. This class is impaired under the plan.

Class 23 ❚❚ 150 ABC Shiloh Ave - Lady Lake, FL

a. This class is comprised of the allowed secured claims of those creditors who hold a mortgage lien on collateral which is a parcel of real property described below.

b. The real property is located at 150 ABC Shiloh Ave - Lady Lake, FL 32159; the Lake County Property Appraiser has assigned Parcel Identification Number 20-18-24-050000B00200 to this parcel.

c. Wells Fargo Bank, N.A. holds a mortgage lien on the property and is owed $136,345. It is believed this creditor is the sole member of this class.

d. This class is impaired under the plan.

Class 24 ❚❚ 130 ABC Shenandoah Ave - Lady Lake, FL

a. This class is comprised of the allowed secured claims of those creditors who hold a mortgage lien on collateral which is a parcel of real property described below.

b. The real property is located at 130 ABC Shenandoah Ave - Lady Lake, FL 32159; the Lake County Property Appraiser has assigned Parcel Identification Number 20-18-24-050000A00600 to this parcel.

c. Homeward Residential filed Claim 11 indicating it holds a mortgage lien on the property and is owed $177,650. It is believed this creditor is the sole member of this class.

d. This class is impaired under the plan.

Class 25 ❚❚ 118 ABC Shenandoah Ave - Lady Lake, FL

a. This class is comprised of the allowed secured claims of those creditors who hold a mortgage lien on collateral which is a parcel of real property described below.

b. The real property is located at 118 ABC Shenandoah Ave - Lady Lake, FL 32159; the

Lake County Property Appraiser has assigned Parcel Identification Number
20-18-24-050000A00900 to this parcel.

    c. Homeward Residential filed Claim 10 indicating it holds a mortgage lien on the
property and is owed $177,540. It is believed this creditor is the sole member of this class.

    d. This class is impaired under the plan.

Class 26 ▮▮  110 ABC Shenandoah Ave - Lady Lake, FL

    a. This class is comprised of the allowed secured claims of those creditors who hold a
mortgage lien on collateral which is a parcel of real property described below.

    b. The real property is located at 110 ABC Shenandoah Ave - Lady Lake, FL 32159; the
Lake County Property Appraiser has assigned Parcel Identification Number
20-18-24-050000A01100 to this parcel.

    c. Homeward Residential holds a mortgage lien on the property and is owed $156,515. It
is believed this creditor is the sole member of this class.

    d. This class is impaired under the plan.

Class 27 ▮▮  118-120 Shiloh Ave - Lady Lake, FL

    a. This class is comprised of the allowed secured claims of those creditors who hold a
mortgage lien on collateral which is a parcel of real property described below.

    b. The real property is located at 118-120 Shiloh Ave - Lady Lake, FL 32159; the Lake
County Property Appraiser has assigned Parcel Identification Number  20-18-24-050000B01000
to this parcel.

    c. Homeward Residential filed Claim 6 indicating it holds a mortgage lien on the property
and is owed $97,145. It is believed this creditor is the sole member of this class.

    d. This class is impaired under the plan.

Class 28 ▮▮  118-120 Shiloh Ave - Lady Lake, FL

    a. This class is comprised of the allowed secured claims of those creditors who hold a
mortgage lien on collateral which is a parcel of real property described below.

    b. The real property is located at 125 Shiloh Ave - Lady Lake, FL 32159; the Lake
County Property Appraiser has assigned Parcel Identification Number  20-18-24-050000C00701
to this parcel.

    c. Green Tree filed Claim 14 indicating it holds a mortgage lien on the property and is
owed $123,984. It is believed this creditor is the sole member of this class.

    d. This class is impaired under the plan.

## C. Unsecured Classes Designated under the Plan

    1. The unsecured classes are comprised of those who hold allowed general unsecured
claims.

    2. The designated unsecured classes are described as follows:

Class 29 ▮▮ General Unsecured Claims
a.  This class is comprised of allowed general unsecured claims, including deficiency claims.
b.  This class excludes any allowed general unsecured claims of less than $5,000.
c.  This class is impaired.

Class 30 ▮▮ Administrative Convenience Claims
a. This class is comprised of allowed general unsecured claims of less than $5,000.
b. This class is impaired.

## D. Equity Class

1. There is one equity class designated under the plan.

2. The equity class is described as follows:

Class 31 ▮▮ Equity
a.  This class is comprised of the  interests of those holding an ownership interest in the debtor.
b. This class is not impaired.


## IV. TREATMENT OF CLASSIFIED CLAIMS

### A. Secured Claims

1.  The treatment of each secured class shall be as follows:
a.  The collateral for each secured class shall be retained by the debtor.
b.  Each secured class shall retain its lien on the collateral.
c.  The debtor will seek a valuation of each secured claim under the provisions of §506 of the Bankruptcy Code, except where a claim is over secured.
d.  The claims in each class will be satisfied with cash payments.
e.  The payments to each secured class shall equal the amount of the secured claims amortized over 360  months with interest at the Till rate, unless an election under §1111(b) of the Bankruptcy Code is made by this class.
f.  The proposed Till rate for this class is the prime rate on the date of the confirmation hearing, plus two percent interest per annum.  The proposed Till rate shall be deemed the Till rate for each secured class, unless otherwise ordered by the Court.  Upon the filing of an objection to the plan regarding the proposed Till rate, the Court shall establish the Till rate for a secured class, upon the evidence presented.
g.  A secured class may elect to be treated as fully secured under the provisions of §1111(b) of the Bankruptcy Code.  If the election is made, the class will be treated as fully secured and claims will be paid in full over 360 months, in equal monthly payments, without interest.  If a creditor holding a claim in this class asserts that payment of a claim in this class,

without interest, is less than the amount required under §1129(b)(2)(i)(II) , the class shall be entitled to a hearing to determine the value of its collateral.  The procedure for determining the value of the collateral may be initiated by the creditor, the debtor or established at the discretion of the Court. Upon a determination by the Court of the value of the collateral securing a claim in this class, the payments shall be adjusted and increased up to an amount which equals the value of the collateral securing the claim, amortized over 360 months with interest at the Till rate.

h. Payments to a secured class shall be equal in amount and commence on the effective date of the plan, and continue on the same day of each succeeding month, unless the Court has entered an order requiring  adequate protection payments or there is pending a motion to value the a claim in this class.

i. If the Court has entered an order requiring adequate protection payments to a creditor in this class, the payments under the plan for that creditor shall be deemed to have commenced on the date of the first required adequate protection payment, and they shall thereafter continue on the same day of each succeeding month until the allowed secured claim is satisfied as described above. If the adequate protection payments exceed the amount of the payments under the plan, the excess amount shall be applied first to any accrued interest on the allowed secured claim, and second upon principal, upon confirmation of the plan.

j. Each secured class is impaired under the plan.

2. The proposed valuation of secured claims and estimated payments are set forth below.

Class 1 ▌▌  113-115 Shiloh Ave - Lady Lake, FL
a. JPMorgan Chase Bank has filed Claim 4 indicating it holds a mortgage lien on the property and is owed $90,605. It is believed this creditor is the sole member of this class.
b.  The debtor will move to value the allowed secured claims in this class at $71,040.
c.  The estimated monthly payment under the plan is $395.

Class 2 ▌▌  117-119 Shiloh Ave - Lady Lake, FL
a.  JPMorgan Chase Bank holds a mortgage lien on the property and is owed $85,585. It is believed this creditor is the sole member of this class.
b.  The debtor will move to value the allowed secured claims in this class at $71,040.
c.  The estimated monthly payment under the plan is $395.

Class 3 ▌▌  121-123 Shiloh Ave - Lady Lake, FL
a. JPMorgan Chase Bank has filed Claim 8 indicating it holds a mortgage lien on the property and is owed $90,775. It is believed this creditor is the sole member of this class.
b.  The debtor will move to value the allowed secured claims in this class at $79,150.
c.  The estimated monthly payment under the plan is $440.

Class 4 ▌▌  126-128 Shiloh Ave - Lady Lake, FL
a. JPMorgan Chase Bank holds a mortgage lien on the property and is owed $82,585. It is believed this creditor is the sole member of this class.
b.  The debtor will move to value the allowed secured claims in this class at $66,225.
c.  The estimated monthly payment under the plan is $365.

Class 5 ▮▮ 129-131 Shiloh Ave - Lady Lake, FL
a. JPMorgan Chase Bank holds a mortgage lien on the property and is owed $82,585. It is believed this creditor is the sole member of this class.
b. The debtor will move to value the allowed secured claims in this class at $73,345.
c. The estimated monthly payment under the plan is $405.

Class 6 ▮▮ 130-132 Shiloh Ave - Lady Lake, FL
a. JPMorgan Chase Bank has filed Claim 13 indicating it holds a mortgage lien on the property and is owed $82,585. It is believed this creditor is the sole member of this class..
b. The debtor will move to value the allowed secured claims in this class at $66,225.
c. The estimated monthly payment under the plan is $365.

Class 7 ▮▮ 133-135-137-139 Shiloh Ave - Lady Lake, FL
a. JPMorgan Chase Bank holds a mortgage lien on the property and is owed $102,745. It is believed this creditor is the sole member of this class.
b. The debtor will move to value the allowed secured claims in this class at $71,405.
c. The estimated monthly payment under the plan is $395.

Class 8 ▮▮ 495-497 Arlington Ave - Lady Lake, FL
a. JPMorgan Chase Bank holds a mortgage lien on the property and is owed $83,025. It is believed this creditor is the sole member of this class.
b. The debtor will move to value the allowed secured claims in this class at $73,840.
c. The estimated monthly payment under the plan is $410.

Class 9 ▮▮ 126 ABC Shenandoah Ave - Lady Lake, FL
a. JPMorgan Chase Bank holds a mortgage lien on the property and is owed $156,925. It is believed this creditor is the sole member of this class.
b. The debtor will move to value the allowed secured claims in this class at $98,750.
c. The estimated monthly payment under the plan is $545.

Class 10 ▮▮ 125 &127 Shenandoah Ave - Lady Lake, FL
a. JPMorgan Chase Bank holds a mortgage lien on the property and is owed $83,005. It is believed this creditor is the sole member of this class.
b. The debtor will move to value the allowed secured claims in this class at $59,225.
c. The estimated monthly payment under the plan is $330.

Class 11 ▮▮ 122 ABC Shenandoah Ave - Lady Lake, FL
a. JPMorgan Chase Bank holds a mortgage lien on the property and is owed $156,920. It is believed this creditor is the sole member of this class.
b. The debtor will move to value the allowed secured claims in this class at $98,475.
c. The estimated monthly payment under the plan is $545.

Class 12 ▮▮  117 & 119 Shenandoah Ave - Lady Lake, FL
a.  JPMorgan Chase Bank has filed Claim 15 indicating it holds a mortgage lien on the property and is owed $92,190. It is believed this creditor is the sole member of this class.
b.  The debtor will move to value the allowed secured claims in this class at $70,200.
c.  The estimated monthly payment under the plan is $390.

Class 13 ▮▮  114 ABC Shenandoah Ave - Lady Lake, FL
a.  JPMorgan Chase Bank holds a mortgage lien on the property and is owed $156,920. It is believed this creditor is the sole member of this class.
b.  The debtor will move to value the allowed secured claims in this class at $98,750.
c.  The estimated monthly payment under the plan is $545.

Class 14 ▮▮  113 & 115 Shenandoah Ave - Lady Lake, FL
a.  JPMorgan Chase Bank has filed Claim 12 indicating it holds a mortgage lien on the property and is owed $92,670. It is believed this creditor is the sole member of this class.
b.  The debtor will move to value the allowed secured claims in this class at $59,225.
c.  The estimated monthly payment under the plan is $330.

Class 15 ▮▮  109 & 111 Shenandoah Ave - Lady Lake, FL
a.  JPMorgan Chase Bank has filed Claim 5 indicating it holds a mortgage lien on the property and is owed $91,935. It is believed this creditor is the sole member of this class.
b.  The debtor will move to value the allowed secured claims in this class at $68,245.
c.  The estimated monthly payment under the plan is $375.

Class 16 ▮▮  101-103-105-107 Shenandoah Ave - Lady Lake, FL
a.  JPMorgan Chase Bank holds a mortgage lien on the property and is owed $75,255. It is believed this creditor is the sole member of this class.
b.  The debtor will not move to value the allowed secured claims in this class due to equity in the property.
c.  The estimated monthly payment under the plan is $415.

Class 17 ▮▮  102-104-106-108 Shenandoah Ave - Lady Lake, FL
a.  JPMorgan Chase Bank holds a mortgage lien on the property and is owed $75,255. It is believed this creditor is the sole member of this class.
b.  The debtor will not move to value the allowed secured claims in this class due to equity in the property.
c.  The estimated monthly payment under the plan is $415.

Class 18 ▮▮  102-104-106-108 Shiloh Ave - Lady Lake, FL
a.  JPMorgan Chase Bank holds a mortgage lien on the property and is owed $75,005. It is believed this creditor is the sole member of this class.
b.  The debtor will not move to value the allowed secured claims in this class due to equity in the property.
c.  The estimated monthly payment under the plan is $415.

Class 19 ▮▮  101-103-105-107 Shiloh Ave - Lady Lake, FL

a.  JPMorgan Chase Bank filed Claim 9 indicating it holds a mortgage lien on the property and is owed $80,645. It is believed this creditor is the sole member of this class.

b.  The debtor will not move to value the allowed secured claims in this class due to equity in the property.

c.  The estimated monthly payment under the plan is $445.

Class 20 ▮▮  110-112-114-116 Shiloh Ave - Lady Lake, FL 32159

a.  JPMorgan Chase Bank has filed Claim 3 indicating it holds a mortgage lien on the property and is owed $116,155. It is believed this creditor is the sole member of this class.

b.  The debtor will move to value the allowed secured claims in this class at $90,765.

c.  The estimated monthly payment under the plan is $500.

Class 21 ▮▮  122 & 124 Shiloh Ave - Lady Lake, FL

a.  Wells Fargo Bank, N.A. has filed Claim 7 indicating it holds a mortgage lien on the property and is owed $121,445. It is believed this creditor is the sole member of this class.

b.  The debtor will move to value the allowed secured claims in this class at $66,145.

c.  The estimated monthly payment under the plan is $365.

Class 22 ▮▮  146 ABC Shiloh Ave - Lady Lake, FL

a.  Wells Fargo Bank, N.A. holds a mortgage lien on the property and is owed $134,515. It is believed this creditor is the sole member of this class.

b.  The debtor will move to value the allowed secured claims in this class at $89,685.

c.  The estimated monthly payment under the plan is $495

Class 23 ▮▮  150 ABC Shiloh Ave - Lady Lake, FL

a.  Wells Fargo Bank, N.A. holds a mortgage lien on the property and is owed $136,345. It is believed this creditor is the sole member of this class.

b.  The debtor will move to value the allowed secured claims in this class at $89,685.

c.  The estimated monthly payment under the plan is $495.

Class 24 ▮▮  130 ABC Shenandoah Ave - Lady Lake, FL

a.  Homeward Residential filed Claim 11 indicating it holds a mortgage lien on the property and is owed $177,650. It is believed this creditor is the sole member of this class.

b.  The debtor will move to value the allowed secured claims in this class at $98,475.

c.  The estimated monthly payment under the plan is $545.

Class 25 ▮▮  118 ABC Shenandoah Ave - Lady Lake, FL

a.  Homeward Residential filed Claim 10 indicating it holds a mortgage lien on the property and is owed $177,540. It is believed this creditor is the sole member of this class.

b.  The debtor will move to value the allowed secured claims in this class at $98,750.

c.  The estimated monthly payment under the plan is $545.

Class 26 ▮▮   110 ABC Shenandoah Ave - Lady Lake, FL

a.  Homeward Residential holds a mortgage lien on the property and is owed $156,515. It is believed this creditor is the sole member of this class.

b.  The debtor will move to value the allowed secured claims in this class at $104,710.

c.  The estimated monthly payment under the plan is $580.

Class 27 ▮▮   118-120 Shiloh Ave - Lady Lake, FL

a.  Homeward Residential filed Claim 6 indicating it holds a mortgage lien on the property and is owed $97,145. It is believed this creditor is the sole member of this class.

b.  The debtor will move to value the allowed secured claims in this class at $71,040.

c.  The estimated monthly payment under the plan is $395.

Class 28 ▮▮   118-120 Shiloh Ave - Lady Lake, FL

a.  Green Tree filed Claim 14 indicating it holds a mortgage lien on the property and is owed $123,984. It is believed this creditor is the sole member of this class.

b.  The debtor will move to value the allowed secured claims in this class at $57,470.

c.  The estimated monthly payment under the plan is $320.

## B. Unsecured Claims

1. The treatment of Class 29 ▮▮  General Unsecured Claims shall be as follows:

a.  The debtor shall first disburse to creditors in this class an amount sufficient to satisfy 10% of each allowed general unsecured claim in this class. This lump sum disbursement shall be made on the effective date of the plan.  However, if a creditor in this class has a motion to value its secured claim pending on the effective date of the plan, the creditor shall receive this distribution on the first day of the first month after an order determining the value of the claim is final and nonappealable.

b.  The debtor,  after the lump sum disbursement described above,  shall disburse monthly payments to each creditor in this class an amount which is sufficient to satisfy the remaining amount owed, without interest, in 240 equal monthly payments. The monthly disbursement to creditors in this class shall commence on the first day of the first month after the effective date of the plan, except for creditors who have a motion to value the their secured claim pending.  If a creditor in this class has a motion to value its secured claim pending on the first day of the first month after the effective date of the plan, the creditor shall commence receiving distribution on the first day of the first month after an order determining the value of the claim is final and nonappealable.

c. This class is impaired.

2. The treatment of Class 30 ▮▮ Administrative Convenience Claims shall be as follows:

a.  The debtor shall disburse a single payment sufficient to satisfy the claims in this class, without interest on the effective date of the plan, except for creditors who have a motion to value the their secured claim pending.  If a creditor in this class has a motion to value its secured claim pending on the first day of the first month after the effective date of the plan, the creditor shall commence receiving distribution on the first day of the first month after an order determining the

16

value of the claim is final and nonappealable.

      b. A creditor holding a claim and receiving disbursement on it as a member of this class shall be barred from receiving distribution as a member of Class 29 ▮▮ on the claim.

      c. This class is impaired.

## V. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

### A. Treatment.

      1. The debtor is a party to several unexpired residential leases for the property owned by the debtor. To the extent they might exist they shall be deemed assumed on the effective date of the plan.

## VII. PROVISIONS APPLICABLE TO ALL CREDITORS AND INTERESTED PARTIES

### A. General Provisions

      1. The rights and obligations of any entity named or referred to in this plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

      2. The headings contained in this plan are for convenience of reference only and do not affect the meaning or interpretation of this plan.

      3. Unless a rule of law or procedure is supplied by federal law, including the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, the laws of the State of Florida govern this plan and any agreements, documents, and instruments executed in connection with this plan, except as otherwise provided in this plan.

      4. On the confirmation date of this plan, the debtor will be discharged from any debt that arose before the petition date, except as provided by §1141 of the Bankruptcy Code.

      5. The debtor, upon reasonable request by any creditor holding an allowed secured claim which has been classified under the terms of the plan, shall execute a note, security agreement, mortgage or other similar instrument or document to reflect the amounts owing upon the effective date of the plan, the terms of payment as provided by the plan, and to preserve and maintain any security interest, mortgage interest or lien rights. It shall be the responsibility of the creditor to prepare any such instrument or document. Instruments and documents prepared under this section may provide that the debtor be required to maintain insurance and pay taxes on collateral, only to the extent that a creditor had such a right by way of statute or written agreement prior to the commencement of the case. Instruments and documents prepared under this section may provide that if the debtor defaults in payments under the plan, or in any obligation by way of statute or written agreement to provide insurance or pay taxes (except taxes paid through the plan and owing on the effective date of the plan), then the creditor may, at its option, accelerate full payment of the obligation. Upon default, as set forth above, the instrument

may provide that the creditor pursue its remedies in its collateral, as provided by law, including repossession or foreclosure of its interest.  Further, upon default as set forth above, the document or instrument may provide that the creditor is entitled to reasonable attorney's fees and costs incurred in the preservation, liquidation of its collateral, foreclosure of its lien rights, or in collecting amounts due only to the extent that a creditor has such a right by way of statute or written agreement prior to the commencement of the case. Such instruments and documents may also provide for payment of a late charge upon the failure of the debtor to make timely payments, and to escrow taxes and insurance, only to the extent that a creditor had such a right by way of statute or written agreement prior to the commencement of the case.

6.  The debtor, upon reasonable request by any creditor holding an allowed unsecured claim which has been classified under the terms of the plan, shall execute a note (or other similar instrument or document) to reflect the amounts owing to the creditor upon the effective date of the plan, and the terms of payment as provided by the plan.  It shall be the responsibility of the creditor to prepare any note.  Notes, prepared under this section may provide that if the debtor defaults in payments under the plan, then the creditor may, at its option, accelerate full payment of the obligation and  may provide that the creditor is entitled to reasonable attorney's fees and costs incurred in collecting amounts due. Notes prepared under this section may rely on information provided in the disclosure statement to determine the monthly payments.

7. Each secured creditor shall retain its lien to the extent permitted by §506(d) of the Bankruptcy Code.

8. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

## B.  Definitions

1. The term "allowed administrative expense claim" shall mean a claim which  is an allowed administrative expense under  § 507(a)(2) of the Bankruptcy Code.

2. The term "allowed claim" shall mean a claim (a) in respect of which a proof of claim has been filed with the Court within the applicable period of limitation fixed by  Fed. R. Bankr. P. 3001;or, (b) scheduled in the list of creditors prepared with the Court pursuant to Fed. R. Bankr. P. 1007(b), and not listed as disputed, contingent or unliquidated as to the amount, in either case as to which no objection to the allowance thereof has been interposed within any applicable period of limitation fixed by Rule 3001 or an order of the Court, or as to which any such objection has been determined by an order or judgment which is no longer subject to appeal or certiorari proceeding and as to which no appeal or certiorari proceeding is pending.

3.  The term "allowed general unsecured claim" shall mean a claim which is an  allowed claim which is not secured or entitled to priority under  § 507(a) of the Bankruptcy Code.

4.  The term "allowed secured claim" shall mean an allowed claim secured by a lien, security interest or other charge against or interest in property in which the debtor has an interest, or which is subject to setoff under  § 553 of the Bankruptcy Code, to the extent of the value (determined in accordance with  § 506(a)) of the interest of the holder of such allowed claim in the debtor's interest in such property or to the extent of the amount subject to such setoff, as the case may be.

5.  The term "Bankruptcy Code" shall mean the Bankruptcy Code codified at 11 U.S.C. §101 et seq.

6.  The term "claim" shall mean any right to payment, or right to an equitable remedy for breach of performance if such breach gives rise to a right to payment against debtor in existence on or as of the petition date, whether or not such right to payment or right to an equitable remedy is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, beneficial, secured or unsecured.

7.  The term "class" shall mean any class into which allowed claims or allowed interests are classified pursuant to the provisions of  § 1122 of the Bankruptcy Code.

8.  The term "confirmation date" shall mean the date upon which the order of confirmation is entered by the Court.

9.  The term "confirmation order" shall mean shall mean the order entered by the Court confirming the plan in accordance with the provisions of chapter 11 of the Bankruptcy Code, which order is no longer subject to appeal or certiorari proceeding  or as to which no appeal or certiorari proceeding is pending. This term is synonymous with the term "order of confirmation".

10.  The term "Court" shall mean the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division, and any court having competent jurisdiction to hear appeals or certiorari proceedings therefrom.

11.  The term "creditor"shall mean any person or entity that has a claim against the debtor.

12.  The term "debtor" or shall mean the debtor or debtors listed in the caption of this document.

13.  The term "deficiency claim" is a general unsecured claim or a priority claim equal to the following:
a. The amount which remains owing on a claim after an amount equal to valuation of collateral under §506(d) of the Bankruptcy Code is deducted from the claim; or

19

b. The amount which is or will remain lawfully owing on a claim after disposition of collateral surrendered under the plan to a creditor.

14.   The term "disclosure statement" shall mean the document labeled as the disclosure statement accompanying the plan, and approved by the Court in accordance with §1125 of the Bankruptcy Code.

15.   The term "effective date of plan" or "effective date of the plan" or "effective date" shall mean the first day of the first  month following the date of the entry of order of confirmation which is final and non-appealable.

16.   The term "maximum number of months permitted to pay priority tax claims" shall mean 5 years from the petition date as set forth in §1129(a)(9)(C)(ii) of the Bankruptcy Code.

17.   The term "order of confirmation" shall mean the order entered by the Court confirming the plan in accordance with the provisions of chapter 11 of the Bankruptcy Code, which order is no longer subject  to appeal or certiorari proceeding or as to which no appeal or certiorari proceeding is pending. This term is synonymous with the term "confirmation order".

18. The term "petition date" shall mean the date the debtor filed its voluntary petition under chapter 11 of the Bankruptcy Code.

19. The term  "plan" shall mean this chapter 11 plan, as amended, in accordance with the terms hereof or modified in accordance with the Bankruptcy Code.

20.   The term  "plan proponent" shall mean the debtor.

21. The term "prime rate " shall mean the prime rate of interest, as reported by the *Wall Street Journal*.

22. The term "proposed Till rate" shall mean the Till rate proposed by the debtor as identified in the plan.

23.   The term "satisfied"or "satisfaction" shall mean the payment of an allowed claim as provided for under the term of the plan, including any interest or other charges as provided for under the terms of the plan.

24. The term "Till rate" shall mean the  rate of interest per annum determined in accordance with the rationale enunciated in *Till v. SCS Credit Corp.,*541 U.S. 465, 124 S.Ct. 1951, 158 L.Ed.2d 787 (2004). The proposed Till rate shall be the Till rate, unless otherwise ordered by the Court, and as provided in the plan.

Dated: March 20, 2013                    By: /s/ Richard A. Perry
                                              Richard A. Perry
                                              Florida Bar No. 394520

CERTIFICATE OF SERVICE

I CERTIFY that a copy of the foregoing has been served by U.S. Mail, first class, postage prepaid or by electronic notice using Case Management/Electronic Case Filing ("CM/ECF") provided by the Clerk of the United States Bankruptcy Court for the Middle District of Florida, on March 20, 2013 upon:  United States trustee, 400 W Washington Street, Suite 1100, Orlando, Florida 32801-2217.


By: /s/ Richard A. Perry
    RICHARD A. PERRY
    Florida Bar No. 394520
    820 East Fort King Street
    Ocala, Florida 34471-2320
    (352) 732-2299
    richardperry @ richard-a-perry.com
    Attorney for Debtor

21